IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
OMAHA DIVISION

**TRACI FAULKNER, Individually and on**                 **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                      No. 8:21-cv-222

**MERIT LOGISTICS, LLC**                     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Traci Faulkner ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Merit Logistics, LLC ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime wages under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Omaha Division of the District of Nebraska; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

5.      Plaintiff Traci Faulkner is an individual and resident of Douglas County.

6.      Defendant is a foreign limited liability company.

7.      Defendant's registered agent for service of process is Incorp Services, Inc., at 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.

8.      Defendant, in the course of its business, maintains a website at https://www.meritlogistics.com/.

### IV.     FACTUAL ALLEGATIONS

9.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles and fuel.

11.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12.     Defendant owns and operates a freight handling and warehouse solutions business.

13.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

14.     At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207 and has been paid an hourly wage.

15.     Defendant employed Plaintiff as a Freight Handler from September of 2020 until June of 2021.

16.     Defendant also employed other hourly employees within the three years preceding the filing of this lawsuit,

17.     At all relevant times herein, Defendant directly hired hourly employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

18.     Plaintiff regularly worked hours over 40 in a week.

19.     Upon information and belief, other hourly employees also regularly or occasionally worked hours over 40 in a week.

20.     Plaintiff tracked her hours on paper, which she turned into her team lead at the end of each pay period. Her team lead purported to enter her hours into Defendant's payroll system.

21.     Plaintiff's team lead did not always enter all of Plaintiff's hours into Defendant's system.

22.     Other hourly employees tracked their hours in the same way as Plaintiff.

23.     Upon information and belief, the hours worked by other hourly employees were not always entered into Defendant's payroll system.

24.     Plaintiff and other hourly employees regularly worked hours which went unrecorded and uncompensated.

25.     Plaintiff estimates 7 to 10 hours were cut from her time each week.

26.     Upon information and belief, other hourly employees experienced a similar disparity in hours worked versus hours paid.

27.     Defendant knew or should have known that Plaintiff and other hourly employees were working hours for which they were not compensated.

28.     At all relevant times herein, Defendant has deprived Plaintiff and other hourly employees of regular wages and overtime compensation for all hours worked.

29.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

30.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wage and overtime premiums for all hours worked over forty in any week;

B.      Liquidated damages; and

C.      Attorney's fees and costs.

32.     Plaintiff proposes the following class under the FLSA:

**All hourly employees who received payment within the past
three years who submitted their time to a supervisor or team lead.**

33.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed

or will soon file a written Consent to Join this lawsuit.

34.     The relevant time period dates back three years from the date on which

Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein

below.

35.     The members of the proposed FLSA collective are similarly situated in that

they share these traits:

A.      They were paid hourly;

B.      They were subject to Defendant's common policy of requiring hourly

employees to submit their timesheets to team leads or similar supervisors; and

C.      They were subject to Defendant's common policy of failing to pay hourly

employees for all hours worked.

36.     Plaintiff is unable to state the exact number of the collective but believes

that the collective exceeds twenty persons.

37.     Defendant can readily identify the members of the collective, who are a

certain portion of the current and former employees of Defendant.

38.     The names and physical and mailing addresses of the probable FLSA

collective action plaintiffs are available from Defendant.

39.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

40.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

45.     Defendant failed to pay Plaintiff for all hours worked.

46.     Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

47.     Defendant knew or should have known that its actions violated the FLSA.

48.     Defendant's conduct and practices, as described above, were willful.

49.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

54.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56.     Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

57.     Defendant failed to pay Plaintiff and similarly situated employees for all hours worked.

58.     Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

59.     Defendant deprived Plaintiff and similarly situated employees of compensation for hours worked over forty per week, in violation of the FLSA.

60.     Defendant knew or should have known that its actions violated the FLSA.

61.     Defendant's conduct and practices, as described above, were willful.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Traci Faulkner, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.    An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TRACI FAULKNER, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com